TOOTLE, APPELLANT, *v.* WOOD ET AL., APPELLEES.

[Cite as Tootle v. Wood. (1974), 40 Ohio App. 2d 576.]

(No. 73-CR-441—Decided August 26, 1974.)

*Huffer & Huffer Co., L. P. A.*, for appellee.
*Mr. Robert C. Paxton II*, for appellants.

GRAY, J. Plaintiff, the appellant herein, filed her complaint in the Court of Common Pleas of Pickaway County,

praying for a temporary restraining order directing the enforcement division of the bureau of motor vehicles to cease further action to rescind her operator's license and registration until such time as the court in the present action determined whether she was responsible for damages which occurred in an automobile accident. Plaintiff further prayed that the court issue a declaratory judgment finding that she was not responsible for the damages caused in the accident.

The automobile accident occurred October 19, 1972. The bureau of motor vehicles, under authority of R. C. 4509.17, ordered that her driver's license and registration be suspended. The bureau did so after it determined that plaintiff was at fault and was uninsured at the time. Plaintiff appealed the order to the Court of Common Pleas. The decision of the Court of Common Pleas reads, in part, as follows:

"The court having considered this matter finds that the order of the Bureau of Motor Vehicles is supported by reliable, probative and substantial evidence and is in accordance with law. The court, therefore, will affirm the order of the Bureau of Motor Vehicles in the case."

Plaintiff did not appeal from that decision and judgment; hence, it became final. There is no prejudicial error in refusing to determine the issue of liability by means of a declaratory judgment as requested by plaintiff.

We believe that plaintiff may not substitute an action based upon a request for a declaratory judgment and an injunction for an appeal, especially after the judgment that plaintiff is attacking became final long ago. She had her day in court. She made a choice and now she must abide by it.

We know of no case, and can conceive of no situation which would warrant the use of the Declaratory Judgments Act as a method of appeal or appellate review to obtain an original declaration of rights between parties in matters solely appellate. *Howle* v. *Alabama State Milk Control Board* (Ala. 1956), 90 So. 2d 752, 755.

We believe that the answer to the question proponded is found in 26 Corpus Juris Secundum 93-94, Declaratory Judgments, Section 23, as follows:

"An action under declaratory judgments acts will not lie to determine whether rights theretofore adjudicated have been properly decided, nor will it lie to determine the propriety of judgments in prior actions between the same parties. An action for a declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of, relitigating questions as to which a former judgment is conclusive. In the absence of an allegation of fraud in the procurement of a prior adjudication, or without showing that an application was made to vacate the prior judgment within the period allowed by a statute of limitations, a party who acquiesced in the procurement of such judgment cannot procure a declaratory judgment which would in effect disregard the prior judgment as being void. It has been held that, although a prior adjudication settles the matters then before the court, where the same conclusion is reached in subsequent litigation, it does no harm to declare the matters again."

For the above reasons, we find no errors among those assigned and argued.

*Judgment affirmed.*

STEPHENSON, P. J., and ABELE, J., concur.