**The STATE of Ohio, Appellee,**

v.

**BROOKS, Appellant.**

[Cite as *State v. Brooks* (1999), 133 Ohio App.3d 521.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 98CA35.

Decided April 8, 1999.

James E. Brooks, pro se.

*Alison L. Cauthorn,* Washington County Assistant Prosecuting Attorney, for appellee.

---

HARSHA, Judge.

Appellant James E. Brooks, an inmate at the Chillicothe Correctional Institute, appeals the lower court's dismissal of his petition for declaratory judgment. The appellant assigns the following errors for our review:

1. "Judge Susan E. Boyer (Court), abuses her discretion in determining the Petition for Declaratory Judgment based on a review of 'its records' without considering documentation filed by Brooks."

2. "Judge Susan E. Boyer (Court), commits abuse of discretion at the probation revocation hearing to the prejudice of Brooks resulting in his loss of liberty and denial of minimum due process requirement as guaranteed by the Fourteenth Amendment of the United States Constitution."

3. "Brooks has a liberty interest in probation and at a revocation hearing there is a minimum due process requirement necessary to show Brooks actually did violate a condition of his probation. Fourteenth Amendment, United States Constitution." [1]

The assignments of error reveal that the appellant seeks to assert a postconviction relief action disguised as a petition for declaratory relief. Because the appellant's action is not cognizable, we affirm the judgment of the Washington County Court of Common Pleas.

I

The appellant was convicted in 1991 for multiple counts of using a minor in nudity-oriented material, in violation of R.C. 2907.323. The trial court sentenced the appellant to an indefinite term of three to fifteen years' imprisonment. The appellant did not appeal this conviction and sentence. On April 30, 1991, the court granted the appellant shock probation and released him from incarceration.

On August 17, 1993, the Washington County Adult Probation Department filed a complaint charging that the appellant violated his probation. The trial court held two probable cause hearings in connection with the alleged probation violation. At the second hearing, on November 8, 1993, the appellant pleaded

---

1. The appellant's brief purports to assign two errors for review. The first one is entitled "Abuse of Discretion" and sets forth the first two sentences quoted above as "issues" relating to the assignment. The second assignment of error consists of the third above-quoted sentence. For ease of analysis, we construe the appellant's brief as raising three errors for review.

guilty to violating his probation and the court reinstated his prison sentence. After the trial court denied a motion to withdraw his guilty plea, the appellant commenced an appeal to this court.[2] This court dismissed for failure prosecute the appeal. *State v. Brooks* (Oct. 26, 1994), 94CA15, unreported.

On July 13, 1998, more than four years after the court revoked his probation, the appellant filed a petition in common pleas court, styled as a "Petition for Declaratory Judgment," pursuant to R.C. 2721.02 and Civ.R. 57. The appellant sought a declaration of his "right to a probation revocation re-hearing, as his rights to due process were denied in his hearing in November, 1993." The trial court dismissed the petition on the basis that there was no controversy then existing between the appellant and the Washington County Probation Department that could give rise to a declaratory judgment. The court also recognized that the appellant was actually seeking a review of the underlying probation revocation hearing. The court found this to be improper, noting that "Declaratory Judgment is not a substitute for appeal or other appropriate relief."

Following the trial court's entry of dismissal, the appellant commenced this appeal.

## II

The appellant's petition purports to invoke the Declaratory Judgments Act, as set forth in Chapter 2721 of the Revised Code. R.C. 2721.02 states:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available. See *Arbor Health Care Co. v. Jackson* (1987), 39 Ohio App.3d 183, 186, 530 N.E.2d 928, 931–932; see, also, *Schaefer v. First Natl. Bank of Findlay* (1938), 134 Ohio St. 511, 13 O.O. 129, 18 N.E.2d 263, paragraph three of syllabus. It is well settled in Ohio that a court may grant declaratory relief so long as it finds the action is within the spirit of the Declaratory Judgments Act, that a real and justiciable controversy exists between the parties, and that speedy relief is necessary to preserve rights that

---

2. In dismissing the appellant's action for declaratory relief, the court stated that "[n]o appeal from the probation violation proceedings was taken." However, this appears to be erroneous. The appellee concedes in its brief that the appellant appealed the trial court's denial of his motion to withdraw a guilty plea. This court's records, of which we may take judicial notice, confirm that the appellant filed a notice of appeal to this court on May 6, 1994.

may otherwise be impaired or lost. *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 129, 73 O.O.2d 442, 442–443, 339 N.E.2d 626, 627; *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261, paragraph one of syllabus. The decision to grant declaratory relief is a matter within the sound discretion of the trial court. *Arbor Health Care,* 39 Ohio App.3d at 185, 530 N.E.2d at 930–931. A trial court properly dismisses a declaratory judgment action when no real controversy or justiciable issue exists between the parties. *Weyandt v. Davis* (1996), 112 Ohio App.3d 717, 721, 679 N.E.2d 1191, 1194; see, also, *Carter v. Walters* (Mar. 22, 1990), Paulding App No. 11–88–24, unreported, 1990 WL 35414 (dismissal of declaratory relief complaint proper when a fair interpretation of factual allegations presents no justiciable issue existing between the parties). In this case, the trial court did not abuse its discretion in dismissing the appellant's declaratory relief petition because the appellant's petition stated no cognizable claim for declaratory relief.

■ The appellant's declaratory relief petition sought a judgment that the revocation of his probation, which resulted in the reinstatement of his prison sentence, was invalid. The result of the probation revocation proceeding became final long ago when we dismissed the appellant's appeal for failure to prosecute. The appellant's attempt to revisit the revocation of his probation does not present a justiciable controversy. A litigant may not use a declaratory judgment action as a method of appellate review. *Tootle v. Wood* (1974), 40 Ohio App.2d 576, 577, 69 O.O.2d 522, 522–523, 321 N.E.2d 623, 623–624. As we recognized in *Tootle:*

" 'An action under declaratory judgments acts will not lie to determine whether rights theretofore adjudicated have been properly decided, nor will it lie to determine the propriety of judgments in prior actions between the same parties. An action for a declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of, relitigating questions as to which a former judgment is conclusive. In the absence of an allegation of fraud in the procurement of a prior adjudication, or without showing that an application was made to vacate the prior judgment within the period allowed by a statute of limitations, a party who acquiesced in the procurement of such judgment cannot procure a declaratory judgment which would in effect disregard the prior judgment as being void. * * * ' " *Id.* at 578, 69 O.O.2d at 523, 321 N.E.2d at 624, quoting 26 Corpus Juris Secundum 93–94, Declaratory Judgments, Section 23; see, also, *Richard v. Jones* (Mar. 3, 1994), Cuyahoga App. No. 64769, unreported, 1994 WL 66243; *Wagner v. Krouse* (1983), 7 Ohio App.3d 378, 380, 7 OBR 479, 481–482, 455 N.E.2d 717, 719– 720.

■ A declaratory judgment action is not part of the criminal appellate process. *Carter, supra.* "Neither [R.C. 2701.02] nor Civ.R. 57 convert[s] a claimed error at law by a trial judge acting as a judge in a criminal case into a

justiciable controversy between the defendant and the judge subject to resolution by declaration * * * ." *Id.* The appellant's declaratory relief petition sought to litigate purported infirmities in his probation revocation hearing several years ago. These are solely appellate matters that cannot be addressed in a declaratory relief action. The appellant's proper course of action was either a direct appeal, which he failed to prosecute, or a petition for postconviction relief. The first assignment of error is overruled.

## III

The second and third assignments of error raise issues related to the merits of the appellant's declaratory judgment petition, *i.e.*, that he was denied constitutional due process of law during his probation revocation hearing in 1993. The appellant raised these arguments by way of a memorandum in support filed with his petition for declaratory relief in the court below. In contesting the revocation of his probation by the court in 1993, the appellant is essentially seeking postconviction relief. However, even if the trial court had treated the appellant's petition as one for postconviction relief pursuant to R.C. 2953.21, dismissal was still proper because the appellant's petition was untimely.

The General Assembly amended the postconviction relief statute by passing Am.Sub.S.B. No. 4, which became effective on September 21, 1995. R.C. 2953.21(A)(2) now requires that a postconviction relief petition be filed no later than either: (1) one hundred eighty days after the date that the trial transcript was filed in the court of appeals on the direct appeal, or (2) one hundred eighty days from the date the time for filing the appeal expired, if no direct appeal was filed. If a person was sentenced prior to September 21, 1995, however, a postconviction relief petition must be filed within the time requirement set forth in R.C. 2953.21(A)(2) *or* by September 21, 1996, whichever is later.[3] *State v. Kanawalsky* (June 30, 1997), Meigs App. No. 96CA26, unreported, 1997 WL 381785; *State v. Vroman* (Apr. 15, 1997), Ross App. No. 96CA2258, unreported, 1997 WL 193168. In this case, the appellant was convicted and sentenced prior to Am.Sub.S.B. No. 4's effective date. The trial transcript and record, in connection with the direct appeal from the appellant's probation revocation, were filed on June 9, 1994. Thus, the appellant had until September 21, 1996, to timely file a petition for post conviction relief. The appellant did not file his petition for declaratory judgment until July 13, 1998. Thus, even if the trial court had treated the appellant's petition as one for postconviction relief, the petition was

---

3. These deadlines are subject to the exceptions contained at R.C. 2953.23, none of which is alleged to be applicable here.

almost two years too late. The trial court therefore had no reason to reach the merits of his petition. The second and third assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLINE, P.J., and PETER B. ABELE, J., concur.