DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Scioto County Court of Common Pleas to deny the petition for post-conviction relief of Defendant-Appellant Kevin Thacker. Appellant essentially argues that the trial court erred in denying his petition on the basis that it was untimely filed. We find appellant's argument to be without merit and affirm the judgment of the trial court.
 I. The Proceedings Below
On November 18, 1991, Defendant-Appellant Kevin Thacker pled guilty to felonious assault, a second-degree felony, in violation of R.C.2903.11(A)(1), for causing serious physical harm to another. Consequently, the Scioto County Court of Common Pleas sentenced appellant to eight-to-fifteen years imprisonment.
Almost ten years later, on February 15, 2001, appellant filed a petition for post-conviction relief with the trial court. In this petition, appellant argued the following:
 [T]he degree of the offense and sentence previously imposed under former law is in violation of this pititioner's [sic] rights to be free from Cruel and Unusual Punishment and Due Process of the law * * *, when said former law is compared to the newly enacted Statute and the General Assembly's inherent powers to redefine the degree of the offense's [sic] and sentence's [sic].
Appellee responded, arguing that the petition should be denied because it was untimely filed. Appellant then responded, maintaining that, in fact, it was timely filed because his petition was based on constitutional arguments.
Subsequently, the trial court denied appellant's petition.
 II. The Appeal
Appellant timely filed an appeal with this Court, assigning the following errors for our review.
First Assignment of Error:
 PETITIONER IS BEING DEPRIVED OF HIS RIGHT TO DUE PROCESS OF LAW AND THE RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE FIFTH, EIGHT [sic] AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE OF THE OHIO CONSTITUTION.
Second Assignment of Error:
 WHETHER THE TRIAL COURT PROPERLY HEARD THE POST-CONVICTION RELIEF PETITION, AS OUT LINED [sic] IN CRIMINAL RULE 35, AND [sic] PURSUANT TO SECTION 2953.21, 2953.23 (A)(1) OF THE REVISED CODE. ALSO SEE, MODIFICAITON OF THE VERDICT OF FINDING. OHIO CRIM. PRAC. AND PRO. (3D ED.) SECTION 31.107.
Third Assignment of Error:
 THE ENACTMENT OF S.B. 2 MAKES APPELLANT'S SENTENCE UNCONSTITUTIONALLY DISPROPORTIONATE TO THOSE NOW BEING SENTENCED, AND O.R.C. 1.58 (B) REQUIRES THE COURTS TO LOOK AT THE NEWLY AMENDED STATUTE AND PER S.E. [sic] THE RETROACTIVE DOCTRINE, RATHER THEN [sic] LOOKING AT IT AS PROSPECTIVE LAW. THEREFORE, THE STATUTE AS AMENDED IS UNCONSTITUTIONAL.
The sole issue properly before this Court is whether the trial court properly denied appellant's petition for post-conviction relief. In appellant's Second Assignment of Error, he makes precisely such an argument. However, in his First and Third Assignments of Error, appellant has restated those arguments he initially made in his petition to the trial court. As the lower court did not reach the merits of these arguments, we decline to address them for the first time on appeal. See App.R. 12(A); Thomas v. Papadelis (1984), 16 Ohio App.3d 359,476 N.E.2d 726.
Accordingly, we overrule appellant's First and Third Assignments of Error and limit our review to appellant's Second Assignment of Error: whether the trial court properly denied his petition for post-conviction relief because it was not timely filed.
In State v. Brooks (1999), 133 Ohio App.3d 521, 728 N.E.2d 1119, we explained the deadlines by which time a party must file his petition for post-conviction relief. "If a person was sentenced prior to September 21, 1995, * * * a post-conviction relief petition must be filed within the time requirement set forth in R.C. 2953.21(A)(2) or by September 21, 1996, whichever is later." Id. at 526, 728 N.E.2d at 1122; see State v.Kanawalsky (June 30, 1997), Meigs App. No. 96CA26, unreported; State v.Vroman (Apr. 15, 1997), Ross App. No. 96CA2258, unreported.
In the instant case, appellant had thirty days from the date he was sentenced, November 18, 1991, to file an appeal. See App.R. 4. As there was not a direct appeal in this case, R.C. 2953.21(A)(2) requires that a petition for post-conviction relief be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Here, that would have been June 16, 1992.
Accordingly, September 21, 1996, would have been the later of the two possible deadlines we discussed in Brooks. Here, appellant filed his petition on February 15, 2001. Clearly, appellant did not timely file his petition.
However, our inquiry is not complete. The Ohio General Assembly provided in R.C. 2953.23 that a court may entertain a petition filed after the expiration of the period prescribed in R.C. 2953.21(A)(2) if a two-pronged test is met.
First, the party must demonstrate that he either: (1) "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief"; or (2) "subsequent to the period prescribed in [R.C. 2953.21(A)(2)] * * *, the United States Supreme Courtrecognized a new federal or state right that applies retroactively topersons in the petitioner's situation, and the petition asserts a claimbased on that right." (Emphasis added.) R.C. 2953.23(A)(1).
Second, the party must show, "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(2).
In the present case, appellant makes the following argument:
 Ohio confers a [s]tatutory right upon those who have been convicted of a criminal offense and who claim that there was such a denial or infringement of the persons [sic] rights as to render the [j]udgment void or voidable under [sic] Ohio Constitution or under the [United States] Constitution. * * *. Wherefore, in the interest of [j]ustice, [appellant's] right to be free from Cruel and Unusual Punishment, the Ohio General Assembly's inherent power to set crimes [sic] and penalties, the Constitutional Authority of the Ohio Supreme Court: [appellant] respectfully prays for and ask [sic] this Honorable Court to vacate and set aside the previously imposed sentence * * * and to modify and resentence [appellant] pursuant to the newly amended [s]tatute.
Appellant has clearly misread R.C. 2953.23(A)(1)(b). This provision requires a showing that "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation." R.C. 2953.23(A)(1)(b). It does not state, as appellant maintains, that an exception should be made for all late filings that merely assert constitutional arguments.
Moreover, we find no indication that the United States Supreme Court has recognized a new federal or state right that would retroactively apply to appellant; nor do we find that any of the other requirements of R.C. 2953.23 are here met. See, e.g., State v. Halliwell (1999),134 Ohio App.3d 730, 734, 732 N.E.2d 405, 408 (holding that, "[u]nless [R.C. 2953.23(A) applies], the trial court has no jurisdiction to consider an untimely filed petition for postconviction relief"); accordState v. Brown (June 1, 1998), Stark App. No. 1997CA00363, unreported;State v. Furcron (Feb. 17, 1999), Lorain App. No. 98CA007089, unreported.
Accordingly, we find that the trial court did not err in denying appellant's untimely petition for post-conviction relief, and we overrule appellant's First Assignment of Error.
 III. Conclusion
For the foregoing reasons, we OVERRULE appellant's assignments of error and AFFIRM the judgment of the Scioto County Court of Common Pleas.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Kline, J.: Concur in Judgment Only.