DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the decision of the Scioto County Court of Common Pleas which dismissed the petition for post-conviction relief of Defendant-Appellant Robert L. Johnson. Appellant argues, interalia, that the trial court erred in finding that his petition was untimely filed. We disagree and affirm the judgment of the trial court.
 {¶ 2} On April 2, 1991, Johnson pled guilty to rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(B). On May 14, 1991, the trial court sentenced Johnson to an indefinite term of six to twenty-five years imprisonment.
 {¶ 3} Almost ten years later, on April 16, 2001, Johnson filed a petition for post-conviction relief with the trial court, which was denied on the sole basis that it was untimely filed.
 {¶ 4} Appellant timely appeals this decision, assigning the following errors for our review.
 {¶ 5} First Assignment of Error: "The trial court erred in holding that the petition for post-conviction was untimely."
 {¶ 6} Second Assignment of Error: "The trial court erred in not ruling upon the merits that were prsentend [sic] for review before the court."
 {¶ 7} Third Assignment of Error: "The trial court erred in holding that appellant's petition was a second or successive petition for post-conviction and denying the same."
 {¶ 8} The threshold issue in this case is contained in Johnson's First Assignment of Error. Johnson argues that the trial court erred in finding that his petition was untimely filed. We disagree.
 {¶ 9} This Court clearly explained the deadlines for filing a petition for post-conviction relief in State v. Brooks (1999),133 Ohio App.3d 521, 728 N.E.2d 1119.
 {¶ 10} "The General Assembly amended the post-conviction relief statute by passing Am.Sub.S.B. No. 4, which became effective on September 21, 1995. R.C. 2953.21(A)(2) now requires that a post-conviction relief petition be filed no later than either: (1) one hundred eighty days after the date on which the trial transcript was filed in the court of appeals on the direct appeal, or (2) one hundred eighty days from the date the time for filing the appeal expired, if no direct appeal was filed. If a person was sentenced prior to September 21, 1995, however, a post-conviction relief petition must be filed within the time requirement set forth in R.C. 2953.21(A)(2) or by September 21, 1996, whichever is later. * * *. In this case, the appellant was convicted and sentenced prior to Am.Sub.S.B. No. 4's effective date. * * *. Thus, the appellant had until September 21, 1996 to timely file a petition for post conviction relief." (Citations omitted.) Id. at 526, 728 N.E.2d at 1121; accord State v. Schulte (1997), 118 Ohio App.3d 184, 692 N.E.2d 237; see, also, State v. Kanawalsky (June 30, 1997), Meigs App. No. 96CA26, unreported; State v. Vroman (Apr. 15, 1997), Ross App. No. 96CA2258, unreported.
 {¶ 11} Here, Johnson was sentenced prior to September 21, 1995. Thus, he had until September 21, 1996, to file a petition for post-conviction relief. However, appellant filed his petition on April 16, 2001, almost five years too late.
 {¶ 12} We are mindful that Johnson is a pro se litigant. We are cognizant of the long-standing preference in Ohio courts to afford reasonable leeway to pro se parties. See, generally, State ex rel.Simpson v. Hamilton County Court of Common Pleas (May 17, 1995), Hamilton App. No. C-940505, unreported.
 {¶ 13} Nevertheless, pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are to be] held to the same standard as all other litigants." Kilroy v. B.H. LakeshoreCo. (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171, 174; see, generally, State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, unreported ("While insuring that pro se [litigants] are afforded the same protections and rights prescribed in the * * * rules, we likewise hold them to the obligations contained therein.").
 {¶ 14} Therefore, we find that the trial court did not err in dismissing Johnson's petition because it was untimely filed. See Statev. Brooks, 133 Ohio App.3d at 521, 728 N.E.2d at 1119; accord State v.Halliwell (1999), 134 Ohio App.3d 730, 732 N.E.2d 405.
 {¶ 15} Accordingly, we overrule Johnson's First Assignment of Error. As a consequence of this finding, Johnson's remaining assignments of error, which request us to address the merits of his petition, are rendered moot. See James A. Keller, Inc. v. Flaherty (1991),74 Ohio App.3d 788, 600 N.E.2d 736, citing South Pacific Terminal Co. v.Interstate Commerce Comm. (1910), 219 U.S. 498, 514, 31 S.Ct. 279, 283
("It is not the duty of a court to decide purely academic or abstract questions.").
 {¶ 16} For the foregoing reasons, we affirm the judgment of the Scioto County Court of Common Pleas.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment and Opinion.