DECISION AND JUDGMENT ENTRY
{¶ 1} Robert Walter O'Donnell appeals the judgment of the Scioto County Court of Common Pleas overruling his action for declaratory injunctive relief. O'Donnell raises two assignments of error, both contending that the trial court erred in summarily dismissing his action for declaratory judgment without stating the reasons for its action in its judgment entry. Because we find that the trial court did not abuse its discretion in dismissing O'Donnell's complaint without explicitly stating why he was not entitled to the relief he requested, we overrule each of O'Donnell's assignments of error and affirm the trial court's judgment.
 I. {¶ 2} In January 2000, the Scioto County Grand Jury indicted O'Donnell on one count of aggravated burglary and two counts of kidnapping with firearm specifications. On May 22, 2000, a jury convicted O'Donnell of complicity to aggravated burglary, and two counts of complicity to kidnapping with firearm specifications.
 {¶ 2} On March 2, 2005, O'Donnell filed a complaint for declaratory and injunctive relief pursuant to R.C. 2721.02 and2721.05. He asked the court for a declaration of his due process rights to receive adequate notice of the criminal charges brought against him. Specifically, O'Donnell complains that in his prior criminal case the grand jury indicted him for aggravated burglary and kidnapping with firearm specifications, but that the state ultimately tried and convicted him of complicity to the charges contained in the indictment. Thus, he contends that he did not receive adequate notice that he would have to defend charges of complicity to commit those crimes.
 {¶ 3} Thereafter, the state filed a motion for summary judgment wherein it argued that O'Donnell should have raised the matters in his complaint for declaratory relief in a direct appeal of his conviction or post-conviction proceedings, and that pursuant to our decision in State v. Brooks (1999),133 Ohio App.3d 521, O'Donnell was not entitled to declaratory relief.
 {¶ 4} O'Donnell filed a document entitled "Plaintiff's Answer to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Cross Summary Judgment upon your Defendant's" on June 3, 2005. There, he argued that a genuine issue of material fact existed as to whether the state violated his due process rights by charging him with aggravated robbery and kidnapping in his indictment, and then fraudulently trying him for complicity to commit those offenses without sufficient notice.
 {¶ 5} On July 11, 2005, the trial court issued a judgment entry stating: "This matter comes before the Court upon Plaintiff, Robert Walter O'Donnell's Action for Declaratory Injunctive Relief. The court having reviewed the entire file herein finds said request not to be well taken and therefore overrules the same." Then, on July 26, 2005, the trial court issued a separate judgment entry granting the state's motion for summary judgment wherein the court stated: "This cause is before the Court on the motion of defendant, the state of Ohio, for an order granting summary judgment in its favor and against plaintiff, Robert Walter O'Donnell. This action was commenced by plaintiff on March 2, 2005. Plaintiff seeks to overturn his convictions of aggravated burglary and kidnapping, in Scioto County Case Number 00-CR-003, by collateral attack through requests for declaratory judgment and injunctive relief. The court previously overruled a motion for summary judgment, filed by plaintiff, in an entry dated July 11, 2005. Upon consideration of defendant's motion for summary judgment, the Court finds that the same is well-taken, and judgment is hereby granted in favor of the state of Ohio and plaintiffs (sic) complaint is dismissed with prejudice. There is no just reason for delay in entering the judgment granted herein. Costs of this action are assessed to plaintiff."
 {¶ 6} O'Donnell timely appeals both the July 11 and the July 26, 2005 judgment entries and raises the following assignments of error: I. "WHETHER THE TRIAL COURT ERRED BY FAILING TO RESPOND TO APPELLANT'S COMPLAINT FOR DECLARATORY JUDGMENT AS REQUIRED BY REVISED CODE SECTION 2721." II. "WHETHER THE TRIAL COURT ERRED BY FAILING TO FULLFIL THEIR FUNCTION IN THE DECLARATORY JUDGMENT ACTION BY GRANTING SUMMARY JUDGMENT WITHOUT EXPRESSLY DECLARING APPELLANT'S RIGHTS."
 II. {¶ 7} In each of O'Donnell's assignments of error, he argues that the trial court erred in summarily dismissing his complaint for declaratory judgment without (1) declaring the rights of the parties, or (2) dismissing the complaint because either no real controversy or justiciable issue exists between the parties, or because the declaratory judgment will not terminate the uncertainty or controversy. Specifically, O'Donnell contends that the trial court was required to state the reasons for dismissing his complaint in its judgment entry.
 {¶ 8} The decision to grant declaratory relief is a matter within the sound discretion of the trial court. State v. Brooks
(1999), 133 Ohio App.3d 521, 525, citing Arbor Health Care Co.v. Jackson (1987), 39 Ohio App.3d 183, 185. Accordingly, we will not reverse the trial court's dismissal of O'Donnell's complaint for declaratory relief unless the trial court abused its discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} In order to maintain an action for declaratory judgment, a party must demonstrate that a real controversy exists between the parties, that the controversy is justiciable in character, and that speedy relief is necessary to preserve the rights of the parties. Burger Brewing Co. v. Liquor ControlComm. (1973), 34 Ohio St.2d 93, 97. "A trial court may dismiss a complaint for declaratory relief only if no real controversy or justiciable issue exists, or if the declaratory judgment will not terminate the uncertainty or controversy." Reinbolt v. NationalFire Ins. Co. of Hartford, 158 Ohio App.3d 453, 2004-Ohio-4845, ¶ 13, citing Fioresi v. State Farm Mut. Auto. Ins. Co. (1985),26 Ohio App.3d 203, syllabus.
 {¶ 10} Here, O'Donnell argues that the trial court erred in granting the state's motion for summary judgment and dismissing his complaint without explaining why he was not entitled to the requested relief. O'Donnell cites Velasquez v. Ghee (1994),99 Ohio App.3d 52, 54 and Bruckman v. Bruckman Co. (1938),60 Ohio App. 361, for the proposition that "[w]here the plaintiff has no right to the relief requested under the facts submitted, the trial court must so state in its judgment entry." However, we note that the Ohio Supreme Court has recognized that: "The effect of a dismissal of a declaratory judgment action without making a declaration of the parties' rights is a determination that the plaintiff in the declaratory judgment action has no right to a declaratory judgment." State ex rel. Fenske v. McGovern (1984),11 Ohio St.3d 129, 133.
 {¶ 11} Although the trial court did not explicitly state the reasons that supported its dismissal of O'Donnell's complaint, the court did state that it found the state's motion for summary judgment meritorious. The trial court did not abuse its discretion in dismissing O'Donnell's complaint for declaratory relief because he stated no cognizable claim for declaratory judgment, despite the fact that it did not explain the reasons why O'Donnell was not entitled to the relief he requested.
 {¶ 12} In his complaint, O'Donnell asserts that his indictment in a prior criminal case was insufficient to put him on notice that the state would try him for complicity to commit the offenses charged in the indictment. We have previously held that a litigant may not use a declaratory judgment as a method of appellate review. Brooks, supra at 525, citing Tootle v. Wood
(1974), 40 Ohio App.2d 576, 577.
 {¶ 13} In Tootle and Brooks we recognized: "`An action under declaratory judgment acts will not lie to determine whether rights theretofore adjudicated have been properly decided, nor will it lie to determine the propriety of judgments in prior actions between the same parties. An action for a declaratory judgment cannot be used as a subterfuge for, or for the veiled purpose of, relitigating questions as to which a former judgment is conclusive. In the absence of an allegation of fraud in the procurement of a prior adjudication, or without showing that an application was made to vacate the prior judgment within the period allowed by a statute of limitations, a party who acquiesced in the procurement of such judgment cannot procure a declaratory judgment which would in effect disregard the prior judgment as being void. * * *'" Id., quoting Tootle at 578, quoting 26 Corpus Juris Secundum 93-94, Declaratory Judgments, Section 23.
 {¶ 14} O'Donnell attempts to couch the allegations in his complaint for declaratory judgment in terms of fraud by alleging that the state originally brought charges of aggravated burglary and kidnapping with firearm specifications and then fraudulently tried and convicted him of complicity to the charges contained in the indictment. Despite this allegation of fraud, his complaint seeks to collaterally attack the basis of his prior criminal conviction. A declaratory judgment action is not a part of the criminal appellate process. Brooks, supra at 525, citingCarter v. Walters (Mar. 22, 1990), Paulding App. No. 11-88-24. See, also, State v. Stewart (Feb. 5, 1999), Greene App. No. 98-CA-116; Richard v. Jones (Mar. 3, 1994), Cuyahoga App. No. 64769. O'Donnell's proper course of action was either a direct appeal or a petition for postconviction relief.
 {¶ 15} However, even if O'Donnell timely pursued those avenues, we note that it is doubtful that he could prevail. R.C.2923.03(F) provides: "Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense." The Ohio Supreme Court has held that R.C. 2923.03(F) "adequately notifies defendants that the jury may be instructed on complicity, even when the charge is drawn in terms of the principal offense." State v. Hand (2006),107 Ohio St.3d 378, 2006-Ohio-18, ¶ 181, citing State v. Keenan
(1998), 81 Ohio St.3d 133, 151, citing Hill v. Perini (C.A.6, 1986), 788 F.2d 406, 407-408.
 {¶ 16} Accordingly, we overrule each of O'Donnell's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment only.