JOURNAL ENTRY AND OPINION
{¶ 1} Pro-se defendant Timothy Newell (appellant) appeals the court's denial of his motion to dismiss pursuant to Crim. R. 32(A). After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On December 12, 1978, appellant was sentenced to between 15 and 600 years in prison in two criminal cases for the rape and various other associated felonies of seven women. On February 14, 1980, this court reversed appellant's kidnapping convictions, holding the following: "Thus, all counts of kidnapping of which defendant was convicted and the sentences relating to these counts (one count had been nolled) are hereby reversed. The remaining convictions and the accompanying sentences shall remain undisturbed. Accordingly, the judgment is so modified." State v. Newell (Feb. 14, 1980), Cuyahoga App. Nos. 40334 and 40335 (Newell I). Thus, appellant's sentence was reduced from a maximum of 600 years to a maximum of 470 years.
 {¶ 3} Sixteen years later, on June 26, 1996, the trial court issued a journal entry reflecting our decision in Newell I, and it reads as follows: "This matter came before the court as a result of a decision from the Court of Appeals of Ohio, Eighth District. State v. Newell
(Feb. 25 [sic], 1980), Cuyahoga App. Nos. 40334/40335, unreported, mandates this court to modify the defendant's sentences in the above captioned cases by vacating the two (2) kidnapping counts in CR-040130 and *Page 4 
vacating the four (4) kidnapping counts in CR-040174." The remainder of the journal entry pertains to the specifics of the sentence modification.
 {¶ 4} Eleven years later, on October 25, 2007, appellant filed a "motion to dismiss due to undue delay in resentencing, pursuant to Crim. R. 32(A)," claiming that the trial court had no jurisdiction to modify his sentence in 1996. Crim. R. 32(A) states that prison sentences "shall be imposed without unnecessary delay." On November 7, 2007, the court denied appellant's motion.
 {¶ 5} The instant case is the twelfth appeal that appellant has filed in this court since his imprisonment. Additionally, appellant has filed a case in Lorain County, where he is currently incarcerated, and various habeas corpus actions in federal court and in the Ohio Supreme Court. Currently, appellant argues that "the trial court abused its discretion when it applied the doctrine of res judicata to deny" his October 25, 2007 motion. The state, on the other hand, argues that the doctrine of res judicata bars argument relating to appellant's sentence modification, because this issue could have been raised at the trial court at the time of the modification, or on appeal from that judgment.
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, *Page 5 which resulted in that judgment of conviction, or on an appeal from that judgment."
State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 6} Appellant essentially argues that the court was sixteen years late in modifying his sentence. However, appellant is eleven years late in making this argument. Subsequent to the court's June 26, 1996 journal entry, appellant has filed six appeals in this court, not including the instant case, and countless motions in the trial court, not to mention that appellant's sentence was modified in 1980 in Newell I, and itreduced his aggregate prison time.
 {¶ 7} While we acknowledge that this case is unusual in that it is unclear why the court issued the June 26, 1996 journal entry, we are bound by the doctrine of res judicata, which prohibits appellant from challenging the journal entry except on direct appeal. Accordingly, the court did not err in denying appellant's motion based on res judicata, and his assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 6 
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1