[Cite as *Newell v. Gaul*, 2012-Ohio-2395.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 97737 and 97738

---

## TIMOTHY NEWELL

### PLAINTIFF-APPELLANT

vs.

## JUDGE DANIEL GAUL, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-759860

**BEFORE:** Sweeney, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 31, 2012

**FOR APPELLANT**

Timothy Newell, Pro Se
No. 153-518
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Charles E. Hannan, Jr., Esq.
Eighth Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

**{¶1}** Plaintiff-appellant Timothy Newell ("Newell") appeals the court's denial of his summary judgment motion and the dismissal of his complaint for declaratory relief and an injunction. After reviewing the facts of the case and pertinent law, we affirm.

**{¶2}** In December 1978, Newell was sentenced to prison for various sex offenses. Since that time, Newell has filed a litany of appeals and habeus corpus actions stemming from these crimes. *See, e.g., State v. Newell*, 8th Dist. Nos. 90738 and 90739, 2008-Ohio-3687. On direct appeal, Newell's kidnapping convictions were reversed and his remaining convictions were affirmed. *State v. Newell*, 8th Dist. Nos. 40334 and 40335 (Feb. 14, 1980). Subsequently, Newell's prison sentence was reduced to a maximum of 470 years.

**{¶3}** On July 18, 2011, Newell filed a complaint for declaratory judgment, preliminary injunction, and permanent injunction against Cuyahoga County Common Pleas Judge Daniel Gaul and Clerk of Court Gerald E. Fuerst. Newell alleges that continued execution of his prison sentence is unlawful, because he was delievered to prison on December 28, 1978, which is one day before the court filed the judgment entry of conviction and sentence in his cases. Newell also filed a motion for summary judgment.

**{¶4}** On December 6, 2011, the court denied Newell's summary judgment motion and dismissed his complaint for failure to state a claim for relief under Civ.R. 12(B)(6). Newell appeals and raises three assignments of error for our review.

{¶5} I. "The trial court erred to the prejudice of appellant by granting defendant's motion to dismiss where the trial court considered matters outside of the pleadings."

{¶6} II. "The trial court erred to the prejudice of appellant by overruling appellant's motion for summary judgment under the doctrine of res judicata."

{¶7} III. "The trial court's denial of appellant's complaint is void or voidable because the judge rendering the judgment had no jurisdiction over the case at the time judgment was rendered, whereas, no journal entry tranferring the case to another judge had been entered on the journal by the clerk of the court."

{¶8} We first address Newell's second assignment of error.

{¶9} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The Ohio Supreme Court set forth the test for determining whether summary judgment is appropriate in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201 (1998), as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of

material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274.

{¶10} Additionally, in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus, the Ohio Supreme Court explained the doctrine of res judicata:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proeeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on appeal from that judgment.

{¶11} In the instant case, Newell filed a direct appeal and failed to raise this alleged sentencing issue. Under res judicata, we are prohibited from entertaining this argument in the case at hand. Therefore, the court properly denied Newell's summary jugment motion and his second assignment of error is overruled.

{¶12} We now turn to Newell's first and third assignments of error. We review a court's granting a motion to dismiss pursuant to Civ.R. 12(B)(6) de novo. *Tisdale v. Javitch, Block & Rathbone*, 8th Dist. No. 83119, 2003-Ohio-6883. When ruling on a motion to dismiss for failure to state a claim, the court must assume that all factual allegations in the complaint are true, and it must appear beyond a reasonable doubt that the plaintiff can prove no set of facts warranting recovery. *Tulloh v. Goodyear Atomic Corp.*, 62 Ohio St.3d 541, 584 N.E.2d 729 (1992).

{¶13} The instant case is analagous to *Moore v. Mason*, 8th Dist. No. 84821, 2004-Ohio-1188, in which a criminal defendant sought a declaratory judgment that his

prison sentence was void and unenforceable because the journalization of the court's sentencing entry was procedurally deficient. In *Moore*, this court affirmed the trial court's dismissal of the complaint for failure to state a claim under Civ.R. 12(B)(6), because declaratory relief was not the proper vehicle for this argument. *Id.* at ¶ 16.

> A declaratory judgment action * * * cannot be used as a substitute for an appeal or as a collateral attack upon a conviction. Declaratory relief "does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies." *Shannon v. Sequeechi* (C.A.10, 1966), 365 F.2d 827, 829. A declaratory judgment action is simply not part of the criminal appellate process. *State v. Brooks* (1999), 133 Ohio App.3d 521, 525, 728 N.E.2d 1119.

*Id.* at ¶ 14.

{¶14} Accordingly, the court did not err by dismissing Newell's complaint for failure to state a claim and his first and third assignments of error are overruled.

{¶15} Judgment affirmed.


It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR