[Cite as *Parham v. McManamon*, 2016-Ohio-3264.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103679**

---

# DUNCAN PARHAM

PLAINTIFF-APPELLANT

vs.

# JOSEPH F. McMANAMON, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-847772

**BEFORE:** Jones, A.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 2, 2016

**FOR APPELLANT**

Duncan Parham, pro se
Inmate No. 231-113
Pickaway Correctional Institution
11781 State Route 762
P.O. Box 209
Orient, Ohio 43146


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Amy Venesile
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} In this accelerated appeal, plaintiff-appellant Duncan Parham appeals from the trial court's October 13, 2015 judgment dismissing his civil declaratory judgment action. Because this case is on the accelerated docket under App.R. 11.1 and Loc.R. 11.1, "we may render a decision in 'brief and conclusionary form' consistent with App.R. 11.1(E)." *State v. Fye*, 8th Dist. Cuyahoga No. 102494, 2015-Ohio-4184, ¶ 1, quoting App.R. 11.1(E).

{¶2} In 1991, Parham was found guilty, after a bench trial, of aggravated murder with a firearm specification. The trial court sentenced him to a life term plus three years for the firearm specification. Parham appealed, challenging the sufficiency and weight of the evidence; the effectiveness of trial counsel based on counsel's failure to file a motion to suppress and discovery motions, and counsel's evidentiary decisions; and the trial court's decisions on evidentiary issues. *State v. Parham*, 8th Dist. Cuyahoga No. 61349, 1993 Ohio App. LEXIS 100 (Jan. 14, 1993). This court affirmed the conviction. *Id.* at 18.

{¶3} In July 2015, Parham filed this civil declaratory judgment against defendants-appellees, Judge Joseph McManamon (the trial judge who presided over his criminal case) and John T. Corrigan (the county prosecutor at the time of his indictment and during his trial). Parham sought a declaration that the trial court did not have jurisdiction over him at the time of his criminal trial because the grand jury did not return

an indictment under the criminal case number. Specifically, Parham contended that an employee of the prosecutor's office "forged an indictment" and "forged the grand jury foreman's name." Complaint, ¶ 8.

{¶4} In October 2015, the trial court, sua sponte, dismissed this case for failure to state a claim upon which relief can be granted, reasoning that Parham should have raised the issue he attempted to raise in his direct appeal. Parham now presents two assignments of error for our review, both challenging the trial court's dismissal of his complaint. We affirm.

{¶5} The decision to grant declaratory relief is a matter within the sound discretion of the trial court. *State v. Brooks*, 133 Ohio App.3d 521, 525, 728 N.E.2d 1119 (4th Dist.1999), citing *Arbor Health Care Co. v. Jackson*, 39 Ohio App.3d 183, 185, 530 N.E.2d 928 (10th Dist.1987). Accordingly, we will not reverse the trial court's dismissal of Parham's complaint for declaratory relief unless the trial court abused its discretion. *Brooks* at *id.*, citing *Arbor Health* at *id.* The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶6} In order to maintain an action for declaratory judgment, a party must demonstrate that a real controversy exists between the parties, that the controversy is justiciable in character, and that speedy relief is necessary to preserve the rights of the parties. *Burger Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97, 296 N.E.2d

261 (1973). "A trial court may dismiss a complaint for declaratory relief only if no real controversy or justiciable issue exists, or if the declaratory judgment will not terminate the uncertainty or controversy." *Reinbolt v. Natl. Fire Ins. Co. of Hartford*, 158 Ohio App.3d 453, 2004-Ohio-4845, 816 N.E.2d 1083, ¶ 13 (6th Dist.), citing *Fioresi v. State Farm Mut. Auto. Ins. Co.*, 26 Ohio App.3d 203, 499 N.E.2d 5 (1st Dist.1985).

{¶7} A declaratory judgment action is not a part of the criminal appellate process. *Brooks* at *id.*, citing *Tootle v. Wood*, 40 Ohio App.2d 576, 577, 321 N.E.2d 623 (4th Dist.1974); *Richard v. Jones*, 8th Dist. Cuyahoga No. 64769, 1994 Ohio App. LEXIS 788 (Mar. 3, 1994). "The effect of a dismissal of a declaratory judgment action without making a declaration of the parties' rights is a determination that the plaintiff in the declaratory judgment action has no right to a declaratory judgment." *State ex rel. Fenske v. McGovern*, 11 Ohio St.3d 129, 133, 464 N.E.2d 525 (1984).

{¶8} Parham appealed his conviction, but did not raise the issue he now seeks to adjudicate regarding the indictment. He cannot now seek to use declaratory judgment as part of the criminal appellate process. Moreover, even if he had raised this issue on appeal, we find that he would not have been successful. Under Crim.R. 12, his challenge to the indictment would have had to have been made prior to trial. *See* Crim.R. 12(C)(2). Failure to make such challenges prior to trial results in a waiver. *See* Crim.R. 12(H).

{¶9} In light of the above, Parham's two assigned errors are overruled and the trial court's judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR