[Cite as *Rembert v. State ex rel. Franklin Cty.*, 2020-Ohio-2986.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY


ALBERT L. REMBERT,

       CASE NO. 9-20-01

   PLAINTIFF-APPELLANT,

  v.

STATE EX. REL., FRANKLIN
COUNTY, OHIO,                **O P I N I O N**

   DEFENDANT-APPELLEE.


**Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 2019CV0543**

**Judgment Affirmed**

**Date of Decision:  May 18, 2020**


APPEARANCES:

   *Albert L. Rembert* Appellant

   *Michael A. Walton* for Appellee

Case No. 9-20-01

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Albert Rembert ("Rembert") brings this appeal from the judgment of the Court of Common Pleas of Marion County, Ohio granting the motion to dismiss filed by defendant-appellee State Ex Rel., Franklin County, Ohio ("the State"). On appeal Rembert claims that the trial court erred in granting the motion to dismiss. Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. For the reasons set forth below, the judgment is affirmed.

{¶2} In 1978, in the Court of Common Pleas of Cuyahoga County, Ohio, Rembert was convicted of one count of aggravated murder and one count of possession of criminal tools and was sentenced to life in prison. He was subsequently paroled with the condition he not commit any new offenses. On June 9, 2011, in the Court of Common Pleas of Franklin County, Ohio Rembert entered an Alford Plea to one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree and one count of intimidation of a crime victim or witness in violation of R.C. 2921.04, a felony of the third degree. The trial court imposed a sentence of five years of community control and no direct appeal was taken from the sentences. Later, Rembert was found to have violated the terms of his parole in his Cuyahoga County case and was returned to prison.[1]

---

[1] The record does not disclose whether Rembert took an appeal from this judgment.

-2-

{¶3} On August 19, 2019, Rembert filed a complaint for declaratory judgment in the Court of Common Pleas of Marion County, Ohio alleging that his criminal sentences imposed in the Franklin County case in 2011, were illegal and unconstitutional. Doc. 1. On September 23, 2019, the State filed a motion to dismiss the complaint alleging that Rembert was attempting to use a declaratory judgment action in place of a direct appeal. Doc. 6. The trial court granted the motion to dismiss finding it lacked jurisdiction to grant relief. Doc. 12, 13. Rembert brings this appeal from that judgment and raises the following assignments of error on appeal.

> **1. The trial court erred by dismissing the complaint for failure to file a direct appeal and bypassing the special statutory proceeding for post-conviction petitions.**
>
> **2. The trial court erred by dismissing the complaint as being barred by the statute of limitations.**
>
> **3. The trial court erred by dismissing the complaint without first declaring what rights the parties have.**
>
> **4. The trial court erred by dismissing the complaint for lack of jurisdiction.**
>
> **5. The trial court erred by dismissing the complaint for failure to state a claim upon which relief can be granted.**
>
> **6. The trial court erred by failing to determine Appellant's constitutional rights with respect to his parole.**

{¶4} As all of the assignments of error assert that the trial court erred by dismissing the complaint, they will be addressed together. All of the assignments

Case No. 9-20-01

of error are overruled on the authority of *Lingo et al. v. The State of Ohio et al.*, 138

Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188.  In *Lingo*, the Supreme Court of

Ohio stated as follows.

> **A common pleas court generally has the power under the Declaratory Judgment Act to "declare rights, status, and other legal relations, and its "declaration has the effect of a final judgment or decree."  R.C. 2721.02(A).  But it must be remembered that the common pleas court has the power to grant declaratory relief only if "such relief is already within its jurisdiction to grant." *Malloy v. Westlake*, 52 Ohio St.2d 103, 105, 370 N.E.2d 457 (1977).  The declaratory—judgment statutes "do not extend the jurisdiction as to the subject matter upon which a court may act," but instead "extend the power of the court to grant declaratory relief within its respective jurisdiction." *State ex rel. Foreman v. Bellefontaine Mun. Court*, 12 Ohio St.2d 26, 28, 231 N.E.2d 70 (1967).**

> **The act states:**

>> **[A]ny person whose rights, status, or other legal relations are affected by a constitutional provision, statute, [or] rule * * * may have determined any question of construction or validity arising under the * * * constitutional provision, statute, [or] rule, * * * and obtain a declaration of rights, status, or other legal relations under it.**

> **R.C. 2721.03.  The purpose of the act is to provide a mechanism by which parties can "eliminate uncertainty regarding their legal rights and obligations" quickly and conclusively.  *Mid–American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 8.**

> **Although the purpose of the act is to declare rights in the face of uncertainty, it is well settled that declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated.  *Clark v. Memolo*, 174 F.2d 978, 981 (D.C.Cir.1949); *Olney v. Ohio*, 341 F.2d**

-4-

> **913 (6th Cir.1965);** *Shannon v. Sequeechi*, **365 F.2d 827, 829 (10th Cir.1966);** *Wilson v. Collins*, **10th Dist. Franklin No. 10AP–511, 2010-Ohio-6538, 2010 WL 5550704, ¶ 9;** *State v. Brooks*, **133 Ohio App.3d 521, 525, 728 N.E.2d 1119 (4th Dist.1999);** *Moore v. Mason*, **8th Dist. Cuyahoga No. 84821, 2004-Ohio-1188, 2005 WL 628512, ¶ 14;** *Gotel v. Ganshiemer*, **11th Dist. Ashtabula No. 2008– A–0070, 2009-Ohio-5423, 2009 WL 3255361, ¶ 44;** *Burge v. Ohio Atty. Gen.*, **10th Dist. Franklin No. 10AP–856, 2011-Ohio-3997, 2011 WL 3557115, ¶ 10. For direct and collateral attacks alike, declaratory judgment is simply not a part of the criminal appellate or postconviction review process.** *Wilson* **at ¶ 9;** *Brooks* **at 525–526, 728 N.E.2d 1119;** *Moore* **at ¶ 14;** *Gotel* **at ¶ 44. Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through appeal, and collateral attacks through postconviction petitions, habeas corpus, and motions to vacate.** *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, **115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 20. A declaratory- judgment action cannot be used as a substitute for any of these remedies.** *Clark* **at 981;** *Shannon* **at 829;** *Wilson* **at ¶ 9;** *Moore* **at ¶ 14;** *Gotel* **at ¶ 44;** *Burge* **at ¶ 10.**

*Lingo*, supra at ¶ 42-44. Additionally, the Court noted that although a court has the inherent authority to vacate its own judgments, the power to overrule judgments of another court is exclusively conferred by the Ohio Constitution on courts of direct review. *Id* at ¶ 48. Thus, a common pleas court in one county has no authority to review a judgment entered in a common pleas court in a different county as that is not within the subject matter jurisdiction of a common pleas court. *Id*.

{¶5} Here, Rembert is challenging a sentence imposed in the Court of Common Pleas of Franklin County, Ohio and is asking the Court of Common Pleas of Marion County, Ohio to vacate it. The Marion County Court of Common Pleas

lacks subject matter jurisdiction to conduct a review of a judgment entered in another common pleas court.[2]

**{¶6}** Additionally, Rembert's criminal proceeding was concluded. The appropriate remedy in cases such as this is a direct appeal or a petition for postconviction relief, not to file a complaint for declaratory judgment. R.C. 2953.21. A trial court may not grant declaratory judgments in matters committed to special statutory proceedings. *State ex rel. Albright v. Delaware Cty. Court of Common Pleas*, 60 Ohio St.3d 40, 42, 572 N.E.2d 1387 (1991). If a trial court were to do so, it would be reversed on appeal as the only correct ruling is to dismiss the action for lack of jurisdiction. *Id.* Since the trial court dismissed the appeal, which was its only correct ruling given the facts in this case, the trial court's judgment was not in error and its dismissal is affirmed. The assignments of error are overruled.

**{¶7}** Having found no prejudice in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**

---

[2] This Court notes that although as a court of direct review, we have subject matter jurisdiction to review common pleas judgments in 17 of Ohio's 88 counties, we lack jurisdiction to rule on a judgment from the Court of Common Pleas of Franklin County, Ohio as that county is not one of the 17 counties subject to our authority.