OPINION
{¶ 1} On March 10, 2003, Defendant-Appellant, Lanny Muhleka, was convicted of gross sexual imposition, R.C. 2907.05(A)(4), a felony of the third degree. R.C. 2907.05(B). On that same date the court sentenced Muhleka to a term of imprisonment of five years, the maximum term for third degree felonies. R.C.2929.14(A)(2). Based on the requirements of R.C. 2929.14(C) which then applied, the court justified the maximum sentence on a finding that Muhleka had committed the worst form of the offense.
 {¶ 2} Muhleka filed a timely notice of appeal to this court from his conviction and sentence. His brief on appeal contained five assignments of error. None of those assigned errors pertained to the sentence the court had imposed. We subsequently affirmed Muhleka's conviction and sentence. State v. Muhleka
(April 9, 2004), Montgomery App. No. 19827.
 {¶ 3} On April 1, 2005, Muhleka filed a motion asking the trial court to vacate his sentence, arguing that a minimum sentence, of one year authorized by R.C. 2929.14(A)(3) should have been imposed instead of the maximum five year sentence. The court overruled Muhleka's motion on April 26, 2005. The court found that the maximum sentence was authorized by the finding the court had made, and that, in any event, Muhleka's claim is barred by res judicata. The matter is now before us on Muhleka's appeal from the trial court's order.
 {¶ 4} We agree with the trial court. Muhleka could have challenged his sentence in his prior appeal, but did not. Therefore, under the doctrine of res judicata, our final judgment in the prior appeal bars Muhleka from raising or litigating any claimed defense or lack of due process in any subsequent proceeding. State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 5} Further, as the trial court found, Muhleka's maximum five year sentence was authorized by R.C. 2929.14(C) upon the trial court's finding that Muhleka had committed the worst form of the offense. Muhleka did not challenge that finding.
 {¶ 6} Finally, Muhleka relies on Civ.R. 60(B), arguing that the trial court's "mistake" justifies vacating his sentence. However, Muhleka's conviction and sentence arose out of a criminal proceeding, in which Civ.R. 60(B) has no application. Relief is instead available in a motion for post-conviction relief filed pursuant to R.C. 2953.21, but not when the claim involved is barred by res judicata. Perry.
 {¶ 7} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. And Donovan, J., concur.