OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Johnny M. Dunn, filed August 25, 2006. In February, 1997, Dunn was convicted of involuntary manslaughter with a gun specification and intimidation of a witness. The trial court imposed consecutive sentences of ten years imprisonment for involuntary manslaughter, three years for *Page 2 
the accompanying gun specification, and five years for the intimidation conviction. We affirmed Dunn's conviction and sentence on September 29, 2000. On April 19, 2006, Dunn filed a petition to vacate his conviction, pursuant to Civ. R. 60(B), which the trial court treated as a petition for post-conviction relief and denied as untimely. It is this judgment that Dunn now appeals.
 {¶ 2} Dunn asserts three assignments of error. We will consider Dunn's first and third assignments of error together. They are as follows:
 {¶ 3} "APPELLANT'S SENTENCE IS UNCONSTITUTIONAL UNDER THE OHIO AND UNITED STATE CONSTITUTIONS PURSUNAT (sic) TO APPRENDI V. NEW JERSEY (2000), 530 U.S. 466; BLAKELY V. WASHINGTON (2004), 542 U.S. 296; AND UNITED STATES V. BOOKER (2005), 543 U.S. 200, AS INTERPRETED BY THE OHIO SUPREME COURT IN STATE V. FOSTER, 109 OHIO ST. 3D 1, 2006-OHIO-856."
 {¶ 4} And,
 {¶ 5} "IS IT ERROR WHEN A TRIAL COURT DENY A CIVIL RULE 60(B)(5) MOTION INCORPORATED INTO CRIMINAL PROCEDURE BY CRIM. R. 57(B), TO CORRECT A VOID SENTENCING ORDER PURSUANT TO STATE V. BEASLEY (1984), 14 OHIO ST.3D 74, 75, AS DETERMINED BY STATE V. FOSTER, IN THE OHIO SUPREME COURT'S RESOLUTION WHETHER OHIO'S LAWS VIOLATES (sic) APPRENDI, AND BLAKELY LINE OF JURISPRUDENCE"
 {¶ 6} Dunn argues that the trial court abused its discretion when it converted his Civ.R. 60(B) motion to vacate his sentence to an R.C.2953.21 petition for post-conviction relief. He points out that Crim.R. 57(B) authorizes application of a Rule of Civil Procedure in a criminal *Page 3 
proceeding "[i]f no procedure is specifically provided by rule * * *."
 {¶ 7} Relying on Civ.R. 60(B), Dunn argues that his sentence should be vacated because it is void under the holdings in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 andState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, having been imposed on judicial findings of fact. However, the holdings in Blakely andFoster rendered sentences thus imposed voidable, not void, and voidable error is subject to correction on appellate review. Civ.R. 60(B) is not a substitute for appellate review. State ex rel. Bragg v. Seidner,92 Ohio St.3d 87, 2001-Ohio-152.
 {¶ 8} Because appellate review of the alleged sentencing error on which Dunn relies was available to him, the trial court properly rejected Dunn's request for Civ.R. 60(B) relief. The court nevertheless accommodated Dunn by converting his motion to a petition for post-conviction relief filed pursuant to R.C. 2953.21, which is the sole avenue of relief available to him on the grounds for relief his motion asserts.
 {¶ 9} The law in Ohio is clear that a petition for post conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * ." R.C.2953.21(A)(2). Dunn's petition was filed several years after the date on which the trial transcript was filed in the court of appeals and was therefore untimely.
 {¶ 10} R.C. 2953.23 prohibits a trial court from entertaining a late petition unless both of the following provisions apply: "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section *Page 4 2953.21 of the Revised Code * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right," and
 {¶ 11} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * ."
 {¶ 12} Dunn did not make the requisite showing under R.C. 2953.23 for prosecuting an untimely post-conviction action. Dunn does not contend that he was unavoidably prevented from discovery of fact upon which he now relies for relief. Indeed, Dunn does not rely on the rule of law announced in Blakely. We have held that the right announced inBlakely is not retroactive. State v. Kline (July 20, 2007), Montgomery App. No. 21660, 2008-Ohio-3703. Therefore, Dunn has not made the showing required by R.C. 2953.23 for prosecution of an untimely petition for post-conviction relief.
 {¶ 13} We further note, "Foster established a bright-line rule that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance with Foster, if the sentence is a subject of the appeal."State v. Logsdon, Clark App. No. 2005-CA-66, 2006-Ohio-6833. Since Dunn's case was not pending on direct appeal at the time Foster was decided, as the trial court correctly determined, Foster does not apply to Dunn's sentence.
 {¶ 14} Dunn's second assignment of error is as follows: "APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL PURSUANT TO *Page 5 
STRICKLAND V. WASHINGTON WHEN COUNSEL FAILED TO RAISE AT SENTENCING THE CONSTITUTIONALITY OF THE OHIO SENTENCING STATUTES, PURSUANT TO APPRENDI V. NEW JERSEY (2000), 530 U.S. 466"
 {¶ 15} Dunn could have raised his claim of ineffective assistance of trial counsel on direct appeal, and, since he did not do so, the claim is barred by the doctrine of res judicata. In other words, our final judgment in Dunn's direct appeal bars Dunn from litigating any claimed defense or lack of due process in any subsequent proceeding. State v.Muhleka, Montgomery App. No. 21081, 2006-Ohio-1603 (citing State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E. 2d 104).
 {¶ 16} Within Dunn's second assignment of error he further argues, the "prejudice to Appellant is that had counsel raised sentencing issues at trial, and on appeal, there is a reasonable probability that Appellant's case would have been sent back to the trial court for re-sentencing." (Emphasis added). An ineffective assistance of appellate counsel argument "may be raised in an App.R. 26(B) application for reopening or in a direct appeal to the supreme court pursuant to Section2(B)(2)(a)(iii), Article IV of the Ohio Constitution." State v.Leigh, Montgomery App. No. 18841, 2001-Ohio-1701, citing State v.Murnahan (1992), 63 Ohio St.3d 60, paragraph two of the syllabus. Dunn has not employed the proper vehicle to raise this argument, and we will not address it. The judgment of the trial court overruling Dunn's petition for post-conviction relief is affirmed.
 BROGAN, J. and GRADY, J., concur. *Page 1