OPINION
{¶ 1} Defendant-appellant, Pearly L. Wilson ("appellant"), proceeding pro se, appeals from the judgment of the Franklin County Court of Common Pleas, in which that court denied his consolidated motions for post-conviction relief.
 {¶ 2} The relevant undisputed facts and procedural history follow. In Hamilton County, Ohio, a jury found appellant guilty of the March 10, 1976 rape and felonious *Page 2 
assault of a University of Cincinnati student, and a separate jury found him guilty of the March 29, 1976 felonious assault of a second student. For the convictions in the first trial, the trial court sentenced appellant to consecutive terms of seven to 25 years for the rape and five to 15 years for the felonious assault; for the convictions in the second trial, the court sentenced him to five to 15 years, to be served consecutively to the sentences in the first case. See State v.Wilson (1978), 57 Ohio App.2d 11, 11 O.O.3d 8, 384 N.E.2d 1300.
 {¶ 3} Appellant was paroled in 1992, and his parole was revoked in 1993, whereupon he began serving the remainder of his original rape sentence. His felonious assault sentences had already expired. Appellant was again released in October 2000. Former R.C. 2950.04(A)(1)(a)[1]
provided that any person released from confinement on or after July 1, 1997, who had been serving a prison term for a sexually oriented offense, was required to register his residence address as a sexually oriented offender with the sheriff in his county of residence. In addition, former R.C. 2950.06(A) provided that such persons were required to periodically verify their current address. Former R.C. 2950.05 *Page 3 
required that offenders notify their county sheriff of any change of address. At some point following his 2000 release, appellant took up residence in Franklin County.
 {¶ 4} On May 27, 2005, the Franklin County Grand Jury indicted appellant on one count of failure to notify change of address, in violation of R.C. 2950.05, a felony of the third degree. On July 19, 2005, appellant pled guilty to the stipulated lesser included offense of failure to notify change of address, in violation of R.C. 2950.05, a felony of the fourth degree. The Franklin County Court of Common Pleas sentenced appellant to six months imprisonment.
 {¶ 5} On December 7, 2005, December 14, 2005, and January 17, 2006, appellant filed motions seeking relief from his conviction for failure to notify. The trial court properly consolidated appellant's motions and treated them as motions for post-conviction relief pursuant to R.C. 2953.21, which provides, in relevant part:
 (A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 6} Appellant argued that the trial court lacked jurisdiction to convict him for failure to notify because he was never subject to the reporting requirements for sexually oriented offenders under R.C. Chapter 2950. He argued that because he was first released on parole in 1992 — before July 1, 1997, the effective date of H.B. 180 — he was not subject to the registration and notification requirements of R.C. Chapter 2950 enacted *Page 4 
by that bill's passage. For support of this argument, he cited the case of State v. Champion, 106 Ohio St.3d 120, 2005-Ohio-4098,832 N.E.2d 718. The trial court determined that Champion is distinguishable from appellant's case, and denied appellant's motions.
 {¶ 7} On appeal, appellant advances a single assignment of error for our review, as follows:
 THE TRIAL COURT HAD NO JURISDICTION TO TRY AND CONVICT DEFENDANT-APPELLANT.
 {¶ 8} Our review of the trial court's decision is de novo. State v.Braden, Franklin App. No. 02AP-954, 2003-Ohio-2949, ¶ 13, discretionary appeal not allowed, 100 Ohio St.3d 1431, 2003-Ohio-5396, 797 N.E.2d 511, citing State v. Davis (1999), 133 Ohio App.3d 511, 515, 728 N.E.2d 1111. Appellant argues that the trial court erred in denying his motions for post-conviction relief because his conviction for failure to notify was void ab initio due to the trial court's lack of jurisdiction. Specifically, as he did below, appellant argues that R.C. Chapter 2950
does not apply to him and cites Champion to support his contention. However, that case is distinguishable from the case at bar.
 {¶ 9} In Champion, the defendant was sentenced in 1978 to two to five years on a sexually oriented offense to run concurrent with another sentence. When he was released on parole 11 years later, the two-to-five-year sentence for the sexually oriented offense was obviously complete. Thus, when he was returned to prison on a parole violation, he was not returned on the sexual offense. Therefore, when he was released after July 1, 1997, he was not being released from confinement for a sexual offense and R.C. Chapter 2950 did not apply to him. *Page 5 
 {¶ 10} In the present case, when appellant was returned to prison on a parole violation in 1993, his felonious assault sentences had expired, but his seven-to-25-year rape sentence had not. Thus, when he was returned to prison, he resumed serving his rape sentence. Rape is a sexually oriented offense. State v. Kidwell, Franklin App. No. 02AP-290, 2002-Ohio-7195, ¶ 6. When appellant was again released in 2000, he was released from confinement for a sexually oriented offense. For this reason, his release triggered the registration and notification requirements of R.C. Chapter 2950. Unlike the defendant inChampion, appellant falls into a category of sexual offenders to whom R.C. Chapter 2950 is applicable. For this reason, the trial court correctly denied appellant's motions for post-conviction relief, and appellant's single assignment of error is overruled.
 {¶ 11} We note that appellant made several arguments in his brief and at oral argument concerning whether application of R.C. Chapter 2950
violates his federal constitutional rights. However, appellant waived these arguments by failing to raise them in any of his three motions for post-conviction relief filed in the trial court. State v. Bates, Franklin App. No. 07AP-753, 2008-Ohio-1422, ¶ 16, discretionary appeal not allowed, 119 Ohio St.3d 1414, 2008-Ohio-3880, 891 N.E.2d 772, citingState v. Awan (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus.
 {¶ 12} Even if these issues were properly before us, however, they would not change our disposition of this appeal. The Supreme Court of Ohio has held that the sexual offender registration and notification requirements in R.C. Chapter 2950 do not violate the United States Constitution. See, e.g., State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182,119 S.Ct. 1122, *Page 6 143 L.Ed.2d 116 (holding that the H.B. 180 amendments to R.C. Chapter 2950
are not ex post facto laws in violation of Section 10, Article I of the United States Constitution).[2]
 {¶ 13} In summary, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
McGRATH and TYACK, JJ., concur.
[1] "Since 1963, Ohio has had a sex offender registration statute. See former R.C. Chapter 2950, 130 Ohio Laws 669. However, in 1996, the General Assembly rewrote R.C. Chapter 2950 as part of Am. Sub. H.B. No. 180 ("H.B. 180"), 146 Ohio Laws, Part II, 2560, 2601. H.B. 180 was passed in May 1996 and signed by Governor Voinovich in July 1996. Some provisions became effective January 1, 1997, including the classification provision, R.C. 2950.09. Section 3 of H.B. 180, 146 Ohio Laws, Part II, 2668. Other provisions, such as the registration and notification requirements, R.C. 2950.04, .05, .06, .10, and .11, became effective July 1, 1997. Section 5 of H.B. 180, 146 Ohio Laws, Part II, 2669." State v. Cook, 83 Ohio St.3d 404, 406, 1998-Ohio-291,700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122,143 L.Ed.2d 116. R.C. Chapter 2950 has been amended 13 times since the effective dates of the H.B. 180 amendments. R.C. 2950.04, which prescribes registration requirements, has been amended by nine of those amendments, while R.C. 2950.05, which contains notification requirements for changes in address, vehicle, and other information, has been amended five times. The version of the R.C. Chapter 2950 registration and reporting requirements applicable to appellant's appeal is the version amended by H.B. 180 and effective July 1, 1997, while the version of R.C. 2950.05, the basis for the conviction that appellant is challenging, is the S.B. 5 version, whose amendments became effective on July 31, 2003.
[2] See, also, State v. Williams, 88 Ohio St.3d 513, 2000-Ohio-428,728 N.E.2d 342, certiorari denied, Suffecool v. Ohio, 531 U.S. 902,121 S.Ct. 241, 148 L.Ed.2d 173 (holding that R.C. Chapter 2950 does not violate constitutional rights guaranteed by the Double Jeopardy, Bill of Attainder, and Equal Protection Clauses of the United States and Ohio Constitutions, and does not violate rights enumerated in Section 1, Article I of the Ohio Constitution); and State v. Ferguson,120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110 (holding that the 2003 version of R.C. Chapter 2950 does not violate the ex post facto clause of the United States Constitution). *Page 1