OPINION
{¶ 1} Ramon Yslas appeals from the dismissal of his Civ. R. 60(B)(2)(5) motion, wherein he claims his speedy trial rights under R.C. 2945.71 et seq. had been violated. The trial court treated the motion as a petition for post-conviction relief under R.C. 2953.21 and, having done so, dismissed the petition as untimely pursuant to our opinion *Page 2 
in State v. Hayden, 2007-Ohio-5572 and as barred by res judicata
pursuant to our opinion in State v. Dunn, 2007-Ohio-4890.
 {¶ 2} Yslas claims the trial court erred. We disagree and affirm the trial court's order that dismissed the petition.
 {¶ 3} In Dunn, we noted that Civ. R. 60(B) relief is not a substitute for appellate review and that Dunn's Civ. R. 60(B) motion was properly rejected where his claim of error was capable of being reviewed on direct appeal. The trial court here concluded that Yslas' claim that his speedy trial rights had been denied would have been reviewable on direct appeal and thus determined that the claim was barred by resjudicata. Assuming for the moment that Yslas' claim was so reviewable, the court's action was proper under State v. Perry (1967),10 Ohio St.2d 175. As in Dunn, the trial court here treated the motion as a petition for post-conviction relief and dismissed it as untimely.
 {¶ 4} There is no claim that the petition was timely filed pursuant to R.C. 2953.21(A)(2). Rather, Yslas seeks to demonstrate timeliness under R.C. 2953.23(A)(1) and Civ. R. 60(B)(5) by claiming "he was unavoidably prevented from discovering the facts upon which his claim for relief depends until he as a pro se litigant through due diligence researched and discovered that he had been denied his speedy rights trial violation."
 {¶ 5} This claim must fail. We have examined the record and can only conclude that if there was a speedy trial violation, it would have been demonstrable from the record on appeal.
 {¶ 6} While the trial court properly dismissed this case without reaching the *Page 3 
merits, we will address the merits in order to demonstrate that Yslas' claim that his right to a speedy trial was denied would have failed had it been advanced in his direct appeal. State v. Yslas (Miami App. 05CA43), October 19, 2007.
 {¶ 7} It appears from the record that Yslas was arrested March 6, 2005, and that he never was released from custody. On May 17, 2005, Yslas executed a written "waiver of right to speedy trial." He moved to suppress evidence August 2; the court denied that relief September 15. Yslas entered pleas of no contest October 28. He was found guilty and sentenced.
 {¶ 8} Yslas is correct that he was entitled to the three-for-one provision of R.C. 2945.71(E). Because he was charged with felonies and never released from custody, he had a right to be tried within 90 days of his arrest rather than within 270 days. R.C. 2945.71(C)(2)(E). Yslas thus had a right to be tried on or before June 4, 2005. However, on May 17, 2005, he relinquished that right when he executed the waiver of right to speedy trial.
 {¶ 9} Yslas was not denied his right to a speedy trial, and the trial court did not err in denying him post-conviction relief.
 {¶ 10} The order appealed from will be affirmed.
DONOVAN, P.J., and GRADY, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1