[Cite as *Pankey v. State*, 2014-Ohio-2942.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BENJAMIN R. PANKEY | ) | CASE NO. 13 MA 147 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| STATE OF OHIO | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:       Civil Appeal from the Court of Common
                                Pleas of Mahoning County, Ohio
                                Case No. 10 CV 3766

JUDGMENT:                       Affirmed.

APPEARANCES:

For Plaintiff-Appellant:        Benjamin R. Pankey, *Pro se*
                                6476 Poplar Ave.
                                Hubbard, Ohio  44425

For Defendant-Appellee:         Atty. Paul J. Gains
                                Mahoning County Prosecutor
                                Atty. Ralph M. Rivera
                                Assistant Prosecuting Attorney
                                21 West Boardman Street, 6th Floor
                                Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                Dated:  June 24, 2014

WAITE, J.

{¶1} Appellant Benjamin Pankey appeals the judgment of the Mahoning County Court of Common Pleas dismissing a "Motion to Terminate," which was in effect a Civ.R. 60(B) motion for reconsideration. Appellant sought reconsideration of the trial court's ruling on a motion for declaratory judgment regarding whether Appellant was subject to sexual offender reporting requirements for his rape conviction in 1973 in which he was sentenced to a 20-year term of imprisonment. His reporting requirements began in 2000 after he was paroled for the second time, and were revised in 2008 under the Adam Walsh Act. Appellant argues on appeal that he should not be subject to any reporting requirements because his rape sentence expired in 1993, before the statutory reporting requirements were enacted. The trial court resolved the declaratory judgment action on December 5, 2011, by ruling that, while Appellant was not subject to the current reporting requirements (under the Adam Walsh Act), he was still subject to his prior reporting requirements under Megan's Law. Appellant did not appeal the 2011 judgment and is attempting to improperly use a Civ.R. 60(B) motion as a substitute for direct appeal of that judgment. If Appellant disagreed with the trial court's judgment that he was subject to reporting and registration requirements under Megan's Law for his 1973 rape conviction, he was required to file a direct appeal in 2011 where the issue was addressed. The matter raised on appeal is *res judicata* and the trial court correctly dismissed the improper Civ.R. 60(B) motion. The judgment of the trial court is affirmed.

## Background

**{¶2}** In 1973, Appellant was charged with several crimes, including rape. As part of a plea agreement, Appellant pleaded guilty to armed robbery and rape, and the remaining charges were dismissed. He was sentenced to 3 to 20 years in prison for rape, and 10 to 25 years for armed robbery. *State v. Pankey*, 7th Dist. No. 80 CA 19, 1980 WL 351643 (Aug. 27, 1980). The two sentences were to be served consecutively. *Id.*; *see also, State v. Pankey*, 68 Ohio St.2d 58, 428 N.E.2d 413 (1981). Under Ohio Admin.Code 5120-2-03, Appellant's aggregate prison term was a minimum of 13 years in prison and a maximum of 45 years for the combined sentence.

**{¶3}** Appellant was paroled in 1990. He was charged with a parole violation in 1998 and was returned to prison. He was released again in 2000. It is important to note, here, that it is not at all clear on what date Appellant had fully served his 20 year rape sentence. Regardless, in 2000 on his release he became subject to reporting requirements under Megan's Law, 1996 H.B. 180. *See State v. Pankey*, 5th Dist. No. 08 CA 251, 2009-Ohio-3860, ¶4. The reporting requirements under the new law became effective July 1, 1997.

**{¶4}** On or about November 30, 2007, Appellant received a notice from the Ohio Attorney General that he was going to be reclassified as a Tier III sex offender under the terms of the newly enacted Adam Walsh Act, 2007 S.B. 10 (effective January 1, 1998). *Id.* at ¶5.

**{¶5}** In 2008, Appellant filed a petition in the Richland County Court of Common Pleas challenging his reclassification as a Tier III sex offender under the

Adam Walsh Act. *Id.* at ¶6. The trial court ruled in Appellant's favor, but the judgment was reversed on appeal by the Fifth District Court of Appeals and the reporting requirements were reinstated. *Id.* No further appeal was taken.

**{¶6}** In 2010, Appellant filed a motion for declaratory judgment in the Mahoning County Court of Common Pleas. He sought a declaration that his 1973 rape conviction had expired as of 1993 and that he could not be subject to sexual offender registration requirements under either Megan's Law or the Adam Walsh Act.

**{¶7}** On July 13, 2011, the Ohio Supreme Court held that the Adam Walsh Act applied only to offenders who committed their crimes after the effective date of the Act. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

**{¶8}** On October 12, 2011, a magistrate ruled in his declaratory judgment action that Appellant was no longer subject to the Adam Walsh Act due to the *Williams* ruling, but that he continued to be subject to his former reporting requirements under Megan's Law. Appellant did not file objections, and the trial court adopted the magistrate's decision on December 5, 2011. The trial court stated somewhat awkwardly in the judgment entry that: "It is Ordered that Petitioner Benjamin R. Pankey is restored to his previous reporting and registration status consistent with the law in effect at the time he committed the rape offense for which he was sentenced in April, 1973." (12/5/11 J.E.). No appeal was taken, however.

**{¶9}** Instead, on May 7, 2013, Appellant filed another motion, captioned "Motion to Terminate." The motion asked the court to reconsider its December 5, 2011, judgment and again asked that the court declare that he was not subject to any

reporting requirements. On June 28, 2013, a magistrate determined that Appellant had not stated a claim upon which relief could be granted. Appellant filed a document that was treated by the court as an objection to the magistrate's decision. On August 23, 2013, the trial court overruled the objection and adopted the magistrate's decision. This appeal followed on September 19, 2013.

<u>ASSIGNMENTS OF ERROR</u>

The Court errs holding "Plaintiff fails to state a claim upon which relief can be granted."

The MCCCP errs because it did not even address the second part of the petitioner's 5/7/13 Motion to Terminate, ORC 2950 Termination of duty to comply with SORN laws, i.e., "and/or to urgently schedule a hearing regarding the irreparable harm of ORC 2950..."

**{¶10}** Appellant argues that the trial court erred in dismissing his "Motion to Terminate." There is no such motion in the Ohio Rules of Civil Procedure as a "motion to terminate," and we, along with trial court, are left to guess at the true nature of the motion. Our interpretation of the argument made in the motion is that Appellant sought to have the court reconsider its ruling of December 5, 2011, and relieve him from the reporting requirements pursuant to Megan's Law that had begun in 2000. The motion was, then, actually a Civ.R. 60(B) motion for relief from judgment.

**{¶11}** It is a fundamental principle of both civil and criminal procedure that a Civ.R. 60(B) motion is not a substitute for a direct appeal. *State v. Dunn*, 2d Dist. No.

21766, 2007-Ohio-4890; *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 729 N.E.2d 755 (2000). "Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment." *State ex rel. Durkin v. Ungaro*, 39 Ohio St.3d 191, 193, 529 N.E.2d 1268 (1988).

{¶12} Due to the failure to file an appeal of the December 5, 2011, judgment entry, Appellant's argument is now *res judicata. Res judicata* is the "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132, 712 N.E.2d 713 (1999). In the criminal law context, *res judicata* means that matters that have been or could have been raised on direct appeal are not subject to further review in subsequent proceedings. *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶37.

{¶13} Appellant argues in this appeal that he should have been given a hearing and that the trial court should not have dismissed the motion to terminate on grounds that it did not state a basis upon which relief could be granted. All of the issues he raises in his motion, however could have been examined in a direct appeal of the December 5, 2011, judgment entry. Since Appellant could have appealed the

judgment reviewing and reinstating the reporting requirements under Megan's Law, but did not, the matters he now raises cannot be reviewed in this appeal of his motion to vacate. Due to the operation of *res judicata*, Appellant cannot use an appeal of a novel device captioned as a "motion to terminate" as a substitute for failing to file a direct appeal of the previous judgment entry he is, in reality, disputing.

{¶14} Based on principles of *res judicata*, Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.