[Cite as *Pankey v. Mahoning Cty. Court of Common Pleas*, 2014-Ohio-2940.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BENJAMIN PANKEY, | ) | |
| | ) | CASE NO.    13 MA 108 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| MAHONING COUNTY COURT | ) | |
| OF COMMON PLEAS, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                                              Case No. 12CV1067.


JUDGMENT:                                        Affirmed.


APPEARANCES:
For Plaintiff-Appellant:                      Benjamin Pankey, *Pro se*
                                                         6476 Poplar Avenue
                                                         Hubbard, Ohio  44425


For Defendant-Appellee:                   Attorney Paul Gains
                                                         Prosecuting Attorney
                                                         Attorney Ralph Rivera
                                                         Assistant Prosecuting Attorney
                                                         21 West Boardman Street, 6th Floor
                                                         Youngstown, Ohio  44503


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated:  June 25, 2014

VUKOVICH, J.

**{¶1}** Plaintiff-appellant Benjamin Pankey appeals the decision of the Mahoning County Common Pleas Court denying his complaint for declaratory judgment. He was seeking a declaration that he is not required to register under Ohio's prior sex offender registration and notification statute, Megan's Law. He asserted that his only sex offense conviction occurred in 1973, that the sentence for that conviction expired prior to the enactment of Megan's Law and thus, he could not be compelled to comply with Megan's Law. In addition to other findings, the trial court concluded that this argument had previously been raised and disposed of in other cases, that Pankey had not appealed those rulings, and that Pankey is required to register as a sexually oriented offender due to the tolling of his prior reporting/registration requirements under SORN during his many incarcerations. The trial court also determined that the relief requested was not within the scope of a declaratory judgment action. Therefore, the trial court denied the relief.

**{¶2}** The trial court's reasoning is sound. Thus, for the reasons expressed below, the judgment of the trial court is hereby affirmed.

Statement of Case

**{¶3}** The history of this case begins in 1966 when Pankey was convicted of breaking and entering, unarmed robbery and burglary of an inhabited dwelling. He received a 30 year to life sentence, but was paroled after serving 6 years. In 1973, while on parole, Pankey was convicted of rape and robbery. For the rape conviction, he received a 3 to 20 year sentence. For the robbery conviction, he received a 10 to 25 year sentence. The 1973 sentences were ordered to be served consecutive to each other and consecutive to the 1966 sentence.

**{¶4}** Both parties agree that in 1990 Pankey was released on parole; however, his parole was revoked in 1998. Pankey was released on parole again in 2000. At that point, Pankey was informed that he was required to register as a sexually oriented offender under Megan's Law.

**{¶5}** In 2006, Pankey was convicted of possession of cocaine. *State v. Pankey*, 7th Dist. No. 07MA2, 2008-Ohio-3091.

**{¶6}** There is no indication in the record that at any time between 2000 and 2006 Pankey filed an action seeking to have the Megan's Law registration requirements removed or appealed a ruling that refused to remove the Megan's Law registration requirements.

**{¶7}** On or about November 30, 2007, while serving his prison sentence for the possession of cocaine conviction, Pankey was informed by the Ohio Attorney General that he would have to register under Ohio's new sexual offender registration and notification statute, Ohio's Adam Walsh Act, when he was released from prison. Pankey contested his reclassification under the Adam Walsh Act in 2008 in two different common pleas courts; he filed an action in Mahoning County Common Pleas Court and an action in Richland County Common Pleas Court.

**{¶8}** The Mahoning County Common Pleas Court action was filed in January 2008 and was assigned case number 08CV429. In that action, in addition to arguing he could not be reclassified under the Adam Walsh Act, Pankey argued that the sentence for his rape conviction expired in 1993, prior to the enactment of Megan's Law and thus, he should not be subject to registration even under that law. The Mahoning County Common Pleas Court held the matter in abeyance because the Ohio Supreme Court was reviewing whether or not the Adam Walsh Act could be applied retroactively.

**{¶9}** In 2011, the Ohio Supreme Court determined that it violated the Ohio Constitution to apply the Adam Walsh Act retroactively and thus, all offenders whose offense was committed prior to the enactment of the Adam Walsh Act would not be subject to it. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374. Rather, those offenders would be subject to the laws in effect at the time they committed the sex offense. *Id.* at ¶ 22.

**{¶10}** Following the Ohio Supreme Court's decision in *Williams*, the Ohio Attorney General's Office re-classified Pankey to his pre-Adam Walsh Act sex offender classification – sexually oriented offender. Thus, the 2008 declaratory judgment action was dismissed as moot. 08CV429 10/31/11 J.E. Pankey did not appeal from that ruling.

**{¶11}** In addition to the 2008 Mahoning County case, in June 2008, Pankey filed a petition to Contest Application of the Adam Walsh Act in the Richland County Common Pleas Court. *Pankey v. State*, 5th Dist. No. 08CA251, 2009-Ohio-3860, ¶ 6. The trial court found the Adam Walsh Act unconstitutional and granted judgment in Pankey's favor. *Id.* at ¶ 7. The state appealed. *Id.* at ¶ 8. The trial court's decision was reversed on appeal. *Id.* at ¶ 21-26. Pankey did not file an appeal from the Fifth Appellate District's decision.

**{¶12}** In 2010, Pankey filed a declaratory judgment action against the Mahoning County Common Pleas Court once again asserting that he is not subject to the registration requirements because his term of incarceration expired prior to the 1997 effective date of R.C. Chapter 2950, the SORN laws. This case was assigned case number 10CV3766. In 2011, the magistrate issued a decision similar to the judgment issued in the 2008 Mahoning County action indicating that Pankey cannot be subject to the Adam Walsh Act. 10/12/11 Magistrate's Decision in 10CV3766. The decision further stated:

> It is therefore Ordered that Petitioner Benjamin R. Pankey is restored to his previous reporting and registration status consistent with the law in effect at the time he committed the rape offense for which he was sentenced in April 1973.

10/12/11 Magistrate's Decision in 10CV3766.

**{¶13}** That decision was adopted by the trial court on December 5, 2011. Pankey did not appeal from that final decision. Instead, in May 2013, in that case number, he filed a motion to terminate his reporting requirements. In June 2013, the magistrate found that Pankey failed to state a claim upon which relief can be granted. The trial court adopted that decision in August 2013. That decision has been appealed to this court in appellate case number 13MA147 (companion case).

**{¶14}** This brings us to the current declaratory judgment action that was filed on April 10, 2012. Once again Pankey is asserting that his rape sentence expired prior to the effective date of the SORN laws in 1997. Furthermore, he asserts that requiring him to register defies the trial court's December 5, 2011 order in 10CV3766.

**{¶15}** Following the pleadings and arguments by both parties, the trial court denied declaratory judgment relief. 06/28/2013 J.E. Pankey appeals from that decision.

Argument on Appeal

**{¶16}** In reading the brief, it appears that Pankey is making the same arguments that he has previously made in the multiple actions that he has filed. He is claiming that he cannot be subject to registration and notification requirements because in 1973 when he committed the rape offense there were no SORN laws. He also contends that his rape conviction expired in 1993 and thus, he cannot be subject to SORN laws that became effective in 1997.

**{¶17}** In denying declaratory judgment relief, the trial court indicated that a declaratory judgment action cannot be used as a substitute for an appeal or as a collateral attack upon a conviction. It further stated that even under a liberal construction of the declaratory judgment provision, the relief must be denied because the relief requested is not within the scope of the Declaratory Judgment Act. 06/02/13 J.E.

**{¶18}** The law on declaratory judgment actions is clear. A declaratory judgment action does not provide a means for determining whether previously-adjudicated rights were properly decided. *State v. Braggs*, 1st Dist. No. C-130073, 2013-Ohio-3364, ¶7. It does not provide a substitute for an appeal of, or a means for mounting a collateral challenge to, a criminal conviction. *Id.*, citing *Wilson v. Collins,* 10th Dist. Franklin No. 10AP–511, 2010–Ohio–6538, ¶ 9; *Gotel v. Ganshiemer,* 11th Dist. Ashtabula No. 2008–A–0070, 2009–Ohio–5423, ¶ 47; *Moore v. Mason,* 8th Dist. Cuyahoga No. 84821, 2005–Ohio–1188, ¶ 14; *State v. Zizelman,* 3d Dist. Auglaize No. 2–98–33, 1999 Ohio App. LEXIS 1769, *7, 1999 WL 253818 (Apr. 9, 1999); *State v. Brooks,* 133 Ohio App.3d 521, 524–526, 728 N.E.2d 1119 (4th Dist.1999), citing *Tootle v. Wood,* 40 Ohio App.2d 576, 577, 321 N.E.2d 623 (4th Dist.1974). Thus, it is not a substitute for post-conviction remedies. *Moore v. Mason,* 8th Dist. No. 84821, 2004–Ohio–1188, ¶ 14.

**{¶19}** Sexual offender registration requirements are attacked either through an appeal or a post-conviction motion. *See State v. Wilson*, 10th Dist. No. 08AP-615, 2009-Ohio-470, ¶ 10. Therefore, based on the above law, clearly a declaratory judgment action cannot be used as the means to attack the sex offender registration requirements. Consequently, the trial court correctly concluded that the request is not within the scope of the Declaratory Judgment Action.

**{¶20}** Here, Pankey had ample opportunities to attack his registration requirements through an appeal or post-conviction motion. He could have attacked the registration and notification requirements in 2000 when he was first notified of his obligation to comply with the SORN laws. However, the record is devoid of any indication that he filed any motion attempting to attack the requirements at that time. It was not until eight years later that he began filing motions and actions attacking the registration requirements. Those actions were either declaratory judgment actions, which are not an appropriate means to attack sex offender registration requirements, or Pankey failed to appeal rulings that were adverse to him.

**{¶21}** As explained above, in 2008, Pankey filed two separate actions challenging his re-classification under the Adam Walsh Act – one in Mahoning County and one in Richland County. In Richland County, the trial court ruled in his favor, however, the Fifth Appellate District reversed the trial court's decision. *Pankey v. State*, 5th Dist. No. 08CA251, 2009-Ohio-3860. Pankey did not appeal that decision to the Ohio Supreme Court. In the 2008 Mahoning County case, in addition to arguing that he could not be re-classified under the Adam Walsh Act, he also sought to have his registration requirements extinguished because in 1973 the SORN laws were not effective and because, according to him, his conviction for rape had expired in 1993. 08CV429. These are the same reasons espoused in this appeal of the 2012 declaratory judgment action that was filed against the Mahoning County Common Pleas Court. In 08CV429, the trial court specifically indicated that he was returned to his pre-Adam Walsh Act sexual offender classification, which was a sexually oriented offender, and that he was required to comply with those laws. He did not file an appeal from that order. Likewise, he did not appeal the December 5,

2011 judgment entry in case number 10CV3766 that also indicated he was restored to his previous reporting and registration status. By not appealing those decisions, Pankey failed to pursue the legal avenues that were available to him to attack his registration requirements.

**{¶22}** The above analysis also supports a finding that the arguments being raised in this appeal are barred by res judicata. Res judicata applies when there is a valid, final judgment rendered on the merits and an identity of parties or their privies. *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 254 N.E.2d 10, paragraph one of the syllabus (1969) (modified in part on other grounds in *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226, 229 (1995). Thus, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon,* 109 Ohio St.3d 176, 2006–Ohio–1245, 846 N.E.2d 824, ¶ 16.

**{¶23}** We explained in the companion case to this appeal, appellate case number 13MA147, that the validity of Pankey's reporting requirements were already res judicata because he failed to appeal the December 5, 2011 judgment.. *Pankey v. State*, 7th Dist. No. 13MA147, 2014-Ohio-____, ¶ 12-14.

**{¶24}** Therefore, for those reasons, the trial court properly dismissed the action.

**{¶25}** For purposes of clarity, it is acknowledged that in the 2010 declaratory judgment action, in ruling on the request, the magistrate made a statement indicating that Pankey is restored to his previous reporting and registration that was in effect at the time he committed the rape offense in 1973. 10/12/11 Magistrate's Decision in 10CV3766. The trial court adopted this decision in its final order. The SORN laws were not effective until 1997. Thus, Pankey draws the conclusion from the magistrate's statement that he is not subject to SORN laws.

**{¶26}** His reading of the magistrate's decision and the trial court's adoption of that decision must be read in the context of the statutory language of Megan's Law. The SORN laws, as set forth by Megan's Law, can be applied retroactively; the Ohio Supreme Court specifically reviewed the retroactive application of Megan's Law and

determined that it was not unconstitutional to apply that law retroactively. *State v. Ferguson,* 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 29; *State v. Cook,* 83 Ohio St.3d 404, 418, 700 N.E.2d 570 (1998). Thus, offenders who committed a sex offense prior to the enactment date of Megan's Law in 1996 could still be subject to Megan's Law if the offender was released from the prison term that arose from the sexual offence after the July 1, 1997 effective date of the act. *Ferguson*; *Cook.* When the Ohio Supreme Court decided *Williams*, it stood by its prior decisions that Megan's Law could constitutionally be applied retroactively. *Williams*, 129 Ohio St.3d 344, ¶ 10-11. Its holding was that the Adam Walsh Act could not be applied retroactively, not that Megan's Law could not be applied retroactively. Thus, when the trial court stated that it was returning Pankey to the registration laws in effect at the time of his conviction in 1973, it was returning him to the registration requirements in Megan's Law.

## Conclusion

**{¶27}** For the foregoing reasons, Pankey's arguments fail. The trial court correctly determined that there was no justiciable claim and denied the petition. The judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, J., concurs.